## CHARLES A. HITCHCOCK.
## v.
## CORN EXCHANGE BANK.

*Gaming— Negotiable Instruments — Note—Guaranty—Recovery on—Evidence—Instructions—Practice.*

1. It is for the jury to decide under the evidence and upon proper instructions, in actions upon promissory notes, whether or not they were given in settling gambling deals upon the Board of Trade.

2. In the case presented, this court holds as proper certain modifications of instructions asked in behalf of the defendants and affirms the judgment against them.

[Opinion filed April 8, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. Crafts & Stevens, for appellant.

Messrs. McClellan & Cummins and Lemuel H. Foster, for appellee.

*Per Curiam.* This action was brought against Hitchcock and one S. C. Clark, to recover upon a written guaranty of a note, for the sum of $500.

The defense was that the note was given in settlement of gambling deals in grain on the Board of Trade. The evidence showed the usual course of dealing in grain on the Board of Trade. The transactions were settled on differences and may or may not have been gambling.

That was a question for the jury under all the evidence and on proper instructions. The law was given to the jury by the court just as appellant requested it. The only changes made by the court in appellant's instructions were such as made them apply to both defendants instead of to appellant alone. That is, the court struck out appellant's name and added an " s " to the word " defendant " in the instructions, so as to make it plural instead of singular, and from two of the instructions which terminated with the direction, "and the jury will so find," said direction was stricken out. It was clearly proper to strike out said direction, and it would have been error to have given the instructions without doing so.

As to the other changes, we are wholly unable to see how they could possibly have prejudiced appellant. Both defendants were relying upon the same defense, and it was legally just as appropriate and available for the one as the other. They relied upon precisely the same evidence to make out their defense. It mattered not, therefore, that they defended separately on the record. The same jury was to respond to their issues and upon the same evidence. There was nothing special or individual to distinguish the defenses. It was then entirely within the discretion of the court to give particular instructions as to each defendant, or to so modify one set of instructions as to make them applicable to both defendants.

We are not authorized to reverse verdicts which are war-

ranted by the evidence, and have received the approval of the trial judge, on mere conjecture. We must be able to say that there is some error, and that the appellant has suffered from it.

Here there is no error. The court had the legal right to change the instructions as he did. If the change injured appellant it might be error, but we must see that it. did injure before we can hold it error.

The judgment must be affirmed.

*Judgment affirmed.*